IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMIN ABDUS SALAAM,

                    Petitioner,

          v.                                    CASE NO. 05-3254-RDR

E. GALLEGOS,

                    Respondent.


O R D E R

This matter is before the court on a petition for habeas corpus filed by a prisoner incarcerated in the United States Penitentiary, Leavenworth, Kansas, following his convictions of second degree murder while armed, assault with a dangerous weapon, and weapons offenses in the Superior Court of the District of Columbia. Petitioner has submitted the filing fee as directed.

Petitioner sought review of his convictions on direct appeal and pursuant to D.C. Code 23-110. These proceedings were consolidated, and petitioner's conviction was affirmed. Burgess v. United States, 786 A.2d 561 (D.C. 2001), cert. denied, 537 U.S. 854 (2002).

Petitioner repeatedly sought relief through successive motions filed pursuant to section 23-110. See Doc. 1, Appen. D

(order denying petitioner's fifth motion pursuant to section 23-110).

## Discussion

For purposes of the federal habeas corpus statute, the Superior Court of the District of Columbia is considered a State court. See Madley v. United States Parole Comm'n, 278 F.3d 1306, 1309 (D.C.Cir.2002). Therefore, petitioner's remedy for federal habeas corpus relief is 28 U.S.C. 2254.

Prisoners incarcerated under sentences imposed by the Superior Court have a local remedy under D.C.Code 23-110. That section allows such prisoners to collaterally challenge the legality of a sentence directly in the Superior Court, and if unsuccessful, by appeal to the District of Columbia Court of Appeals. See Garris v. Lindsay, 794 F.2d 722, 725 (D.C.Cir.), cert. denied, 479 U.S. 993 (1986)).

The Court of Appeals has determined that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Id. Section 23-110 has been held to be adequate and effective because it is co-extensive with

habeas corpus.  See id.; Swain v. Pressley, 430 U.S. 372, 377-82 (1977).

It is settled that "[a] petitioner may not complain that the remedies provided him by D.C. Code 23-110 are inadequate merely because he was unsuccessful when he invoked them." Wilson v. Office of the Chairperson, District of Columbia Board of Parole, 892 F.Supp. 277, 780 (D.D.C. 1995).

The Tenth Circuit has considered at least one action for habeas corpus filed by a prisoner convicted in the District of Columbia and incarcerated in a federal prison.  In Dobson v. Hershberger, 124 F.3d 216 (Table), 1997 WL 543370 (10th Cir. 1997),[1] a prisoner incarcerated in a federal facility in Colorado filed a petition for habeas corpus in the federal district court in Colorado challenging his District of Columbia conviction and the applicability of the Prison Litigation Reform Act of 1996 to habeas corpus petitions.  The matter was referred to a magistrate judge, who recommended the transfer of the action to the District Court of the District of Columbia.  The Colorado federal district court, however, dismissed the matter on the merits, finding that the alleged violations of the Interstate Agreement on Detainers raised by the petitioner were not cognizable in habeas corpus absent a showing of prejudice.

The Tenth Circuit dismissed the appeal, finding there had

_____

[1]A copy of that unpublished decision is attached.

been no showing of actual prejudice.  The Court of Appeals noted that the district court had "acknowledg[ed] the question of jurisdiction", 124 F.3d 216, *1, but did not reach that point in dismissing the action.

In the present action, the petitioner's claims allege trial errors that are cognizable in habeas corpus.  Having considered the record, the court concludes the decision whether petitioner was afforded an adequate remedy by D.C. Code 23-110 is  one which is more properly made by the District Court of the District of Columbia.  The court grants petitioner twenty days to object to the transfer of this matter.

Also before the court is petitioner's motion to modify the record (Doc. 4).  Petitioner asks the court to modify the record to include only his legal name and institution number.  He cites unspecified difficulties in the receipt of correspondence addressed to him under his commitment name, James E. Waddell.

Federal regulations recognize that some flexibility is desirable in institutional rules governing correspondence and direct wardens of federal prisons to "establish open general correspondence procedures."  8 C.F.R. 540.12(a).  The court directs petitioner to advise the court within the same twenty day period whether his request is consistent with institutional mail regulations at the facility where he is incarcerated; if possible, petitioner should submit to the court a statement from

his case manager concerning his request.

IT IS THEREFORE ORDERED petitioner is granted twenty (20) days to object to the transfer of this matter to the United States District Court for the District of Columbia. The failure to file a timely response may result in the transfer of this matter without prior notice to the petitioner.

IT IS FURTHER ORDERED that within the same twenty (20) days, petitioner shall advise the court whether his request concerning the use of his legal name, rather than his commitment name, is consistent with institutional mail policy and procedure.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

DATED:  This 5th day of October, 2005, at Topeka, Kansas.



                              S/ Richard D. Rogers
                              RICHARD D. ROGERS
                              United States District Judge